**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| *In re*<br>**DIAMOND SPORTS GROUP, LLC**, *et al.*,<br>Debtors. | Chapter 11<br>Case No. 23-90116 (CML)<br>(Jointly Administered) |
| **DIAMOND SPORTS GROUP, LLC**, *et al.*,<br>Plaintiffs,<br>*v.*<br>**SINCLAIR BROADCAST GROUP, INC.**, *et al.*,<br>Defendants. | Adv. Pro. No. 23-03134 (CML) |

**DEFENDANT BALLY'S CORPORATION'S MOTION TO DISMISS IN PART COUNTS IX, X, AND XI OF PLAINTIFFS' COMPLAINT**

**This motion seeks an order that may adversely affect you.**

**If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response by October 18, 2023. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Defendant Bally's Corporation hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(6) and Bankruptcy Rule 7012 to dismiss the avoidance claims pleaded in Counts IX and X and the recovery claims pleaded in Count XI of Plaintiffs' Complaint (Adv. ECF No. 2) to the extent they are premised directly or derivatively on 11 U.S.C. § 548 of the Bankruptcy Code.

**INTRODUCTION**

In this adversary proceeding, debtor-plaintiffs Diamond Sports Group, LLC and Diamond Sports Net, LLC (together, "Diamond" or "Plaintiffs") sue their corporate parent Sinclair Broadcast Group, Inc. and a number of their fellow corporate affiliates (collectively, "Sinclair"), along with four current or former Sinclair officers or directors. The last-named defendant and the only defendant unaffiliated with Diamond or Sinclair is Bally's Corporation ("Bally's").

Diamond's Complaint asserts nineteen counts in all. But only three of those counts — Counts IX, X, and XI — involve Bally's. These counts relate to the transfer to Bally's of "naming rights" associated with Diamond's regional sports networks, as part of a November 2020 transaction to which Diamond Sports Group, LLC, Sinclair Broadcast Group, Inc., and Bally's all were parties. In Counts IX and X, Diamond pleads that the transfer of the naming rights was either an actual or constructive fraudulent transfer that should be avoided under chapter 11's fraudulent transfer provisions or the fraudulent transfer statutes of Maryland and Delaware. In Count XI, Diamond sues Bally's and Sinclair to "recover the fair value" of the naming rights, a claim predicated on the avoidance of the transfer.

To the extent Diamond's avoidance claims are premised on chapter 11's fraudulent transfer provisions, as opposed to state law, the claims are time-barred because they seek avoidance of a November 2020 transaction that indisputably occurred more than two years before Diamond filed its petition on March 15, 2023, and, therefore, fall outside the "look-back" period set out in Section 548 of the Bankruptcy Code. And because these predicate avoidance

claims are time-barred, so, too, is any recovery claim pleaded in Count XI to the extent premised on the time-barred avoidance claims.

Bally's now moves this Court to dismiss the avoidance claims pleaded in Counts IX and X, and the recovery claims pleaded in Count XI to the extent they are premised on chapter 11's fraudulent transfer provisions.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6), incorporated into and made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, requires dismissal when a plaintiff fails "to state a claim upon which relief can be granted." "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quotation marks omitted). The time-bar to a claim is a basic deficiency that should be so exposed early in the proceedings.

## BACKGROUND

Diamond owns and operates regional sports networks. Compl. ¶ 3. Diamond broadcasts professional baseball, basketball, and hockey games for forty-two teams in their local markets. Compl. ¶ 33. Diamond is a subsidiary of defendant Sinclair Broadcast Group, Inc., a media company. Compl. ¶¶ 24, 45.

In November 2020, Sinclair and Diamond entered into the "Bally's Transaction" — a long-term strategic partnership with defendant Bally's Corporation, a sports betting company that operates both physical casinos and online gaming platforms. Compl. ¶ 203. As part of the Bally's Transaction, Bally's agreed to pay Diamond $88 million over ten years and to commit 20 percent of its marketing spending to Diamond in exchange for naming rights over Diamond's

regional sports networks. Compl. ¶ 210. Sinclair also agreed to promote the Bally's brand over Sinclair's networks in exchange for options and warrants in Bally's stock. *Id.*

The Bally's Transaction closed on November 18, 2020. Compl. ¶ 222. More than two years later, on March 14 and 15, 2023, Diamond and certain of its affiliates filed their chapter 11 petitions. Compl. ¶ 247.

## ARGUMENT

### I. COUNTS IX, X, AND XI MUST BE DISMISSED TO THE EXTENT THEY ARE PREMISED ON SECTION 548 OF THE BANKRUPTCY CODE.

Only transfers that occurred within two years of a bankruptcy filing may be avoided under Section 548 of the Bankruptcy Code. *See* 11 U.S.C. § 548(a)(1) ("The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within ***2 years*** before the date of the filing of the petition . . .") (emphasis added).

The two-year look-back period is an element of the avoidance claim; it is not a statute of limitations. *In re Abell*, 549 B.R. 631, 657–58 (Bankr. D. Md. 2016). Unlike a statute of limitations, Section 548's look-back period cannot be expanded or tolled, even for compelling equitable reasons. *Id.* at 657 (Bankr. D. Md. 2016) ("Many courts have confronted this issue and rejected the idea that § 548(a)(1) is a statute of limitations subject to equitable tolling.").[1]

[1] *Accord, e.g.*, *In re Pitt Penn Holding Co., Inc.*, 2012 WL 204095, *2 (Bankr .D. Del. 2012) ("[T]he look-back period is a substantive element of a § 548 claim, there to cabin the broad power given to the trustee to pursue fraudulent transfers. . . . Unlike a statute of limitations, which regulates procedure, a time period that is a substantive statutory element cannot be equitably tolled."); *In re Maui Indus. Loan & Fin. Co.*, 454 B.R. 133, 136 (Bankr. D. Haw. 2011) ("The two year period is a substantive element of the trustee's claim, not a statute of limitations. . . . Congress wrote the two year period as a fixed period. The text does not support an inference that Congress intended to permit discretionary extension of the time period."); *In re Lyon*, 360 B.R. 749, 750 (Bankr. E.D.N.C. 2007) ("[T]he look-back provision of § 548 . . . is also a substantive element and is not a statute of limitations.").

It is undisputed that the Bally's Transaction closed on November 18, 2020. Compl. ¶ 222. That date falls more than two years before the filing of Diamond's petition on March 15, 2023. Compl. ¶ 22. The Section 548 claim is therefore time-barred by the express terms of the statute, and Counts IX and X must be dismissed to the extent they plead untimely Section 548 avoidance claims.

Count X's recovery claims also must be dismissed to the extent they rely on the time-barred predicate avoidance claims. Section 550(a) of the Code only permits recovery "to the extent that a transfer is avoided." Thus, "[t]o unwind a fraudulent transfer, the trustee must first 'avoid' it." *Whitlock v. Lowe (In re DeBerry)*, 945 F.3d 943, 946 (5th Cir. 2019).[2] Accordingly, in *Geron v. Craig (In re Direct Access Partners, LLC)*, the bankruptcy court barred the trustee's Section 550 claims to the extent they were based on avoidance claims that were time-barred. 602 B.R. 495, 518 (Bankr. S.D.N.Y. 2019). "If the Trustee has not avoided the initial transfers and cannot avoid them, then the Trustee cannot use section 550(a) to recover property from subsequent transferees." *Id.* The same is true for Diamond's claims here.

**CONCLUSION**

Bally's requests that this Court dismiss the avoidance claims pleaded in Counts IX and X, and the recovery claims pleaded in Count XI to the extent they are premised directly or derivatively on Section 548 of the Bankruptcy Code.

[2] *See also, e.g.*, *Merit Mgmt. Grp., LP v. FTI Cons, Inc.*, 138 S. Ct. 883, 889 (U.S. 2018) ("*If a transfer is avoided*, § 550 identifies the parties from whom the trustee may recover either the transferred property or the value of that property to return to the bankruptcy estate." (emphasis added)); *In re Picard*, 917 F.3d 85, 95 (2d Cir. 2019) ("Only once a transfer is avoided may a trustee recover the underlying property."); *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 703 (11th Cir. 2005) ("By its language, 11 U.S.C. § 544(b) indicates that the transaction must first be avoided before a plaintiff can recover under 11 U.S.C. § 550.")

Dated: September 19, 2023

Respectfully submitted,

**JONES DAY**

*<u>/s/ J. Laurens Wilkes</u>*
J. Laurens Wilkes
Texas State Bar No. 24053548
S. D. Texas No. 737955
717 Texas Street, Suite 3300
Houston, TX 77002-2712
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
jlwilkes@jonesday.com

- and -

James M. Jones (*pro hac vice*)
Aaron M. Healey (*pro hac vice*)
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
jmjones@jonesday.com
ahealey@jonesday.com

- and -

Bruce Bennett (*pro hac vice*)
555 South Flower St., Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
bbennett@jonesday.com

*Counsel for Bally's Corporation*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed on this September 19, 2023, with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

*/s/ J. Laurens Wilkes*
J. Laurens Wilkes